131 F.3d 147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jagdev Singh MANGAT, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70869.
 United States Court of Appeals, Ninth Circuit.
 Nov. 14, 1997.**
 
 Before: CHOY, ALARCON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Jagdev Singh Mangat, a native and citizen of India, seeks review of the Board of Immigration Appeals' (BIA's) decision denying his application for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a). We deny the petition for review.
 
 
 3
 The BIA listed five specific reasons why it found petitioner's story to be incredible. First, petitioner's claimed belief in a separate Sikh state was inconsistent with his long-term service in the Indian army (fifteen years). This was inconsistent because petitioner's service in the army spanned a time that included anti-Sikh riots in New Delhi, an attack by the Indian army on the Sikh Golden Temple, the assassination of Indira Gandhi, and extreme separatist violence in Punjab, petitioner's home state. Despite all of this anti-Sikh activity during petitioner's service, petitioner had no problems during his military service.
 
 
 4
 Second, petitioner obtained a visa to leave India and come to the United States in March 1992, prior to his first alleged encounter with the militants at the bus station and prior to his first alleged encounter with the police. This was inconsistent with petitioner's allegation that he did not make plans to leave India until after his second encounter with the police in June 1992.
 
 
 5
 Third, the airline ticket that petitioner used to travel to the United States was purchased in his name in April 1992, prior to the second encounter with the police. Furthermore, the ticket was purchased for a June 6, 1992, departure, just one day after the alleged June 5, 1992, encounter with the police. This also was inconsistent with petitioner's allegation that he did not make plans to leave India until after his second encounter with the police in June 1992.
 
 
 6
 Fourth, petitioner testified that his father purchased the ticket for him. This did not make sense, in light of the fact that petitioner was a thirty-eight year old adult male, was able to obtain his own visa and therefore obviously able to buy his own ticket.
 
 
 7
 Fifth, although petitioner testified that he was arrested and questioned by the police on two different occasions for speaking to the same two militants, there was no evidence or allegation that the two militants were ever arrested. The BIA found it incredible that petitioner would be arrested and beaten for associating with two militants, yet the militants would not be arrested.
 
 
 8
 The reasons given by the BIA for making its adverse credibility determination are specific, cogent, and legitimately linked to the credibility finding. See Lopez-Reyes v. INS, 79 F.3d 908, 911 (9th Cir.1996). Furthermore, these reasons are supported by reasonable, substantial and probative evidence in the record. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992); Lopez-Reyes, 79 F.3d at 911.
 
 
 9
 The petition for review is DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3